
EOD
05/10/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE:  CDJ INVESTMENTS, INC., | § § § | CASE NO. 05-44022 |
| DEBTOR. | § § § | CHAPTER 11 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR-IN-POSSESSION'S FIRST MODIFIED PLAN OF REORGANIZATION

On April 18, 2006 and on April 25, 2006, the Court held hearings to consider the confirmation of the Debtor-In-Possession's First Modified Plan of Reorganization ("Plan") filed on April 17, 2006.  CDJ Investments, Inc. ("Debtor") and Lehman Brothers Bank, FSB ("Lehman Brothers") each appeared through counsel.

The Court considered the Plan, the objection to confirmation filed by Lehman Brothers, the testimony of witnesses and the representations of counsel made at the hearings.  The Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Debtor's Plan is not feasible.  According to the Debtor's cash flow analysis the Debtor is operating on a negative cash flow basis.  The Debtor's projections are not realistic and they do not include what the Court would expect to see as normal operational expenses and fees in addition to plan distributions.

2. The lawsuits and damage claims identified by the Debtor as basis for funding the Plan are speculative, subject to mitigation defenses and unlikely to yield funds sufficient to satisfy operating expenses and the 2007 ad valorem taxes.  In addition, there is no evidence that the Debtor would be able to pay administrative costs.

3. The Debtor's cash flow analysis does not factor certain recurring costs such as the insurance premium, nor reserves and underestimates the monthly payment due to Lehman.  Additionally, the analysis does not address funds owed to third parties including the security deposit owed to Bowen Homes.

4. The failure to notify Cruz Maintenance, an unsecured creditor, of the bar date and treatment of such claim can not be modified without evidence of proper notice.

5. The Court finds that the most credible evidence of the interest rate introduced at the confirmation hearing is 9.5%. The Court finds the requirements of Section 1129(b) of the Code are not met with respect to the treatment of Lehman Brothers' claim.

6. The Court reserves the right to make additional findings of fact and conclusions of law.

## **CONCLUSIONS OF LAW**

To extent any of the above findings of fact may be considered to constitute conclusions of law, same are incorporated by references of fully set forth as conclusions of law.

1. The Plan fails to satisfy the feasibility requirements of Section 1129(a)(11) of the Bankruptcy Code.

2. The Plan fails to meet the requirements under Section 1129(b)(2) with respect to the treatment of Lehman Brothers' claim because Lehman Brothers will not receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of Lehman Brothers' interest in the estate's interest in such property.

SIGNED ON THIS _____ DAY OF _____, 2006.

Signed on 5/9/2006

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE